**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **HEATHER BARKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** |
| | ) | |
| **JACK HENRY & ASSOCIATES, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Serve:** | ) | |
| **National Registered Agents, Inc.** | ) | |
| **Registered Agent** | ) | |
| **5661 Telegraph Road** | ) | |
| **Suite 4B** | ) | |
| **St. Louis, Missouri 63129** | ) | |

## PETITION

COMES NOW, Plaintiff Heather Barker ("Barker" or "Plaintiff"), by and through her attorneys of record, and brings this cause of action against Defendant Jack Henry & Associates, Inc. ("Defendant").

## INTRODUCTION

1. Plaintiff Heather Barker brings this lawsuit to seek redress for unlawful employment discrimination and retaliation. Barker was subjected to unlawful employment discrimination based on her disability and retaliation, resulting in her termination. Barker brings claims for redress under the Americans with Disabilities Act ("ADA"), and the Family and Medical Leave Act ("FMLA").

## PARTIES, JURISDICTION AND VENUE

2. Defendant is a foreign corporation doing business in the state of Missouri with its principal business office address at 663 West Highway 60, Monett, MO 65708.

3. Plaintiff is a resident of St. Charles County, Missouri.

4. Plaintiff worked from home in St. Charles County, Missouri during all relevant times.

5. Plaintiff was employed by Defendant from on or about July 10, 2023 to on or about August 23, 2025.

6. Defendant is registered to do business in the State of Missouri.

7. The FMLA authorizes court actions by private parties to recover damages for violations of its provisions. Jurisdiction over Plaintiff's FMLA claim is based on 29 U.S.C. § 2617.

8. The ADA authorizes court actions by private parties to recover damages for violations of its provisions. Jurisdiction over Plaintiff's ADA claims is based on 28 U.S.C. § 1331.

9. Venue in this district is proper because Defendant does business in this district and employed Plaintiff to work in this district, because substantial unlawful conduct giving rise to the claims set forth in this Complaint occurred in this district, because Plaintiff would have worked in this district but for Defendant's unlawful employment practices, and because a substantial part of the unlawful conduct giving rise to Plaintiffs claims occurred in this district.

10. Defendant has more than fifteen (15) employees and is therefore an employer within the meaning of the ADA.

11. Defendant has more than fifty (50) employees and is therefore an employer within the meaning of the FMLA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. On or about April 13, 2026, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging unlawful discrimination.

13. Plaintiff's Charge of Discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial petition may be and is as broad as the scope of the investigation that could reasonably be expected to have grown out of the Charge.

14. Plaintiff received a Notice of Dismissal and Right to Sue from the EEOC on or about August 10, 2026, and this action was initiated within 90 days thereof. A true and accurate copy of the Right to Sue letter issued to Plaintiff by the EEOC is attached hereto as Exhibit 1.

15. Plaintiff timely complied with all administrative prerequisites prior to filing this lawsuit.

## FACTUAL ALLEGATIONS

16. On or about July 10, 2023, Barker was hired by Defendant as a Leave Coordinator.

17. Barker earned $60,000.00 annually at the time of her termination.

18. Barker's direct supervisor was Patty Satterfield, Payroll and Leave Administration Supervisor.

19. Barker has been diagnosed with Depression, Anxiety, Migraines, and Panic Disorder (collectively, her "diagnoses" or "serious health conditions").

20. Barker was first approved for FMLA leave for her serious health conditions in or about August 2024.

21. Barker's FMLA leave was set to expire on August 11, 2025.

22. On or about July 22, 2025, Barker texted Ms. Satterfield that her medical provider recommended she remain on leave until in or about mid-September, 2025 after her FMLA leave expired.

23. Ms. Satterfield replied to Barker by telling her to "focus on your health" and stating "we've got this." A true and accurate copy of the text message is attached hereto as Exhibit 2.

24. Barker understood Ms. Satterfield's statements to mean that any additional leave beyond the expiration of her FMLA leave would not unduly burden Defendant and that additional leave to September 15, 2025 would be accepted.

25. In that same text message exchange, Barker informed Ms. Satterfield that she will complete any ADA paperwork requesting a reasonable accommodation.

26. Barker's medical provider completed and signed an "ADA Medical Assessment Form" for Defendant's third-party claims administrator, The Hartford, dated August 4, 2025. A true and accurate copy of the signed ADA Medical Assessment Form is attached hereto as Exhibit 3.

27. The ADA Medical Assessment Form called for Barker to be placed on leave as a reasonable accommodation until September 15, 2025.

28. The following day, on or about August 5, 2025, Barker received a letter from The Hartford, stating that it received Barker's ADA accommodation request and that she needed

to return a completed ADA Medical Assessment Form by August 26, 2025. A true and accurate copy of the August 5, 2025 letter from The Hartford is attached hereto as Exhibit 4.

29. The August 5 letter from The Hartford contained a blank version of the ADA Medical Assessment Form already completed by Barker's medical provider.

30. On or about August 12, 2025, in a department-wide Microsoft Teams post titled "Payroll & Benefits Weekly Update", Barker was listed under "Upcoming PTO/OOO" as "Heather 8/01 to 8/31."

31. Ms. Barker understood that Microsoft Teams post to indicate that Defendant had already approved and prepared for her absence at least through the end of August.

32. On or about August 13, 2025, Barker received a letter from Ms. Satterfield stating that she was required to return to work by August 18, 2025 due to the expiration of her FMLA leave. A true and accurate copy of the August 13, 2025 letter from Ms. Satterfield is attached hereto as Exhibit 5.

33. After receiving the letter, and after receiving confirmation that her medical provider did not submit the ADA Medical Assessment Form, Barker promptly submitted the aforementioned ADA Medical Assessment Form that same day, August 13, 2025.

34. On or about August 22, 2025, Barker and Ms. Satterfield had a phone conversation in which Ms. Satterfield informed Barker that her employment would be terminated.

35. On or about August 23, 2025, three days before the deadline for Plaintiff to submit the ADA Medical Assessment Form requesting a reasonable accommodation, and ten days after already submitting the aforementioned ADA Medical Assessment Form requesting a reasonable accommodation, Defendant terminated Barker.

36. At no point before her termination did Defendant attempt to determine an appropriate reasonable accommodation for Barker.

37. Defendant never issued a determination on whether her accommodation request, supported by the ADA Medical Assessment Form completed by her medical provider, was approved.

38. In December 2025, months after her termination, The Hartford approved Barker's claim for Short Term Disability. A true and accurate copy of The Hartford's December 2025 approval letter is attached hereto as Exhibit 6.

39. Barker performed her job satisfactorily for Defendant before her termination so much so that she remains eligible for rehire.

**COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA**

40. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

41. Defendant is an employer under the ADA.

42. Plaintiff has physical and mental impairments which substantially limit one or more of her major life activities.

43. At all relevant times, Defendant was aware that Plaintiff had impairments and had a record of impairments.

44. Plaintiff could perform the essential functions of her job with reasonable accommodation.

45. Plaintiff is a qualified individual as defined by the ADA.

46. Plaintiff has a disability as defined by the ADA.

47. Plaintiff has a record of a disability.

48. Defendant regarded Plaintiff as disabled.

49. Defendant discriminated against Plaintiff in violation of the ADA when it failed to engage in the interactive process and later terminated her employment.

50. Defendant unlawfully and intentionally discriminated against Plaintiff based upon her disability and/or because of her record of disability and/or because it regarded Plaintiff as disabled.

51. Plaintiff's disabilities were a motivating factor for Defendant's adverse employment actions against her.

52. Defendant interfered with, recklessly disregarded, and denied Plaintiff her legal rights when it terminated Plaintiff from her employment.

53. Defendant's actions were taken by its agents acting in the course and scope of their employment.

54. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

55. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

56. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

57. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being

found the prevailing party in this action.

58. Plaintiff seeks pre- and post-judgment interest at the highest lawful rate.

59. Plaintiff seeks equitable relief to make her whole.

60. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**COUNT II: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA**

61. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

62. Plaintiff was disabled, as defined by the ADA, at all relevant times herein.

63. At all relevant times, Defendant was aware that Plaintiff had impairments and had a record of having such impairments.

64. Plaintiff could perform the essential functions of her job duties for Defendant with reasonable accommodation.

65. Plaintiff is a qualified individual as defined by the ADA.

66. Defendant unlawfully and intentionally discriminated against Plaintiff based upon

her disabilities when it failed to reasonably accommodate her and when it terminated her employment.

67. Plaintiff's disabilities were a motivating factor for Defendant's adverse employment actions against her.

68. Plaintiff put Defendant on notice of her disability, and her need for an accommodation when she informed Ms. Satterfield she needed to stay on leave after the expiration of her FMLA leave, and when she completed and submitted the ADA Medical Assessment Form.

69. Plaintiff attempted to engage with Defendant regarding her need for a reasonable accommodation when she informed Ms. Satterfield that she needed to stay on leave after the expiration of her FMLA leave, and when she completed and submitted the ADA Medical Assessment Form but Defendant did not provide said accommodation.

70. Defendant failed to accommodate Plaintiff's disability in violation of the ADA.

71. Defendant's actions were taken by its agents acting in the course and scope of their employment.

72. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

73. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

74. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life,

and other non-pecuniary losses.

75. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

76. Plaintiff seeks pre- and post-judgment interest at the highest lawful rate.

77. Plaintiff seeks equitable relief to make her whole.

78. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT III: ADA RETALIATION

79. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

80. Plaintiff engaged in protected activity under the ADA when she sought a reasonable accommodation.

81. Defendant took adverse employment actions against Plaintiff in violation of the ADA when it terminated Plaintiff.

82. Plaintiff's request for reasonable accommodation was a motivating factor for Defendant's adverse employment actions against her.

83. Defendant's actions were taken by its agents in the course and scope of their employment.

84. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the retaliation against Plaintiff.

85. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

86. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

87. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

88. Plaintiff seeks pre- and post-judgment interest at the highest lawful rate.

89. Plaintiff seeks equitable relief to make her whole.

90. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory

damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT IV: FMLA RETALIATION

91. Plaintiff realleges and incorporates by reference the allegations in all above-listed paragraphs as if fully set forth and restated herein.

92. Plaintiff engaged in activity that was protected by the FMLA in seeking leave from work and taking leave from work in order to care for her serious health conditions.

93. Defendant was aware of Plaintiff's exercise of her FMLA rights.

94. Defendant retaliated against Plaintiff for exercising her FMLA rights and engaging in activity that was protected by the FMLA by terminating Plaintiff's employment.

95. Defendant's behavior described herein was at all times taken in not good faith, and Plaintiff is therefore entitled to liquidated damages.

96. Defendant's conduct described herein was at all times willful.

97. Defendant knowingly or recklessly disregarded the FMLA when it terminated Plaintiff's employment.

98. Plaintiff's FMLA-covered absence and/or her exercise of FMLA rights was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

99. As a direct and proximate result of being discharged in violation of the FMLA, Plaintiff has been damaged and is entitled to recover the following pursuant to the FMLA:

a. lost wages, salary and employment benefits, from her date of termination potentially up to the date of trial;

b. interest on the amount in subparagraph (a) above at the statutory rate;

c. equitable relief, including but not necessarily limited to front pay;

d. liquidated damages; and

e. attorneys' fees, expert witness fees and other costs of the action.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment in her favor and find that Defendant unlawfully terminated her in violation of the Family Medical Leave Act, and award to her compensatory damages, together with interest thereon, liquidated damages, front pay, attorney's fees, expert fees and costs, and any and all further relief as to this Court deems just and proper under the circumstances.

**Demand for Jury Trial**

Plaintiff requests for a trial by jury on all issues in this case which are so triable.

Respectfully submitted,

*/s/Thomas F. Herring*
Thomas F. Herring, #71932MO
Brady L. Root, #75740MO
Herring & Root, LLC
2258 Grissom Dr.
St. Louis, Missouri 63146
tfh@herringandroot.com

*Attorneys for Plaintiff*